UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW WILLIAM QUISENBERRY,

    Plaintiff,                                    Civil Action No. 12-CV-13650

vs.                                                   HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the Court on cross motions for summary judgment [docket entries 13, 15]. Magistrate Judge Mona K. Majzoub has submitted a Report and Recommendation ("R&R") in which she recommends that the Court deny plaintiff's motion and grant defendant's motion. Plaintiff has filed objections to the R&R. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the R&R to which specific, timely objections are made.

Plaintiff claims he is disabled because he is mentally and cognitively impaired (Tr. 170). The Administrative Law Judge ("ALJ") found that plaintiff has a cognitive disorder, reading and mathematics disorders, a disorder of written expression, depressive disorder and a history of migraines, but that he has the residual functional capacity to work at all exertional levels with various restrictions, e.g., that he be limited to simple, unskilled work, that he have limited contact with coworkers, supervisors and the public, and that the work be non-production oriented and in a low-stress environment (Tr. 28, 31). The ALJ found that plaintiff could perform his past work as a cleaner as well as various other packing, sorting and assembling jobs identified by the vocational

expert in response to a hypothetical question (Tr. 37-38, 58-59). The Appeals Council determined that plaintiff's past work as a cleaner should not be considered because it was performed after the alleged disability onset date, but it upheld the ALJ's finding regarding plaintiff's ability to perform the other types of work identified by the vocational expert and his conclusion that plaintiff is not disabled (Tr. 5, 7).

In his objections, plaintiff argues that the jobs identified by the vocational expert do not accommodate all of the restrictions suggested by a consulting psychologist, Pamela Herringshaw. The Court rejects this objection. The ALJ discussed Dr. Herringshaw's report in detail (Tr. 33-34) and gave her opinions "great weight . . . because they are supported by her findings and observations following a thorough examination . . . ." (Tr. 35). She concluded that plaintiff "would be able to understand, retain and follow simple instructions and would be generally restricted to performing simply, routine, repetitive, concrete, tangible tasks" (Tr. 259). The ALJ's hypothetical question to the vocational expert incorporated these restrictions. Accordingly,

IT IS ORDERED that plaintiff's objections are rejected.

IT IS FURTHER ORDERED that Magistrate Judge Majzoub's Report and Recommendation is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

2

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  August 23, 2013
        Detroit, Michigan